**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

NATALIA MORENO-WOODS,            )
                                 )
                    Plaintiff,   )    **CIVIL ACTION**
                                 )
v.                               )    No.  12-1195-MLB
                                 )
T-MOBILE USA, INC.,              )
                                 )
                    Defendant.   )
                                 )

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motions to dismiss (Docs. 9, 15) and plaintiff's motion for summary judgment (Doc. 20).  The motions have been briefed and are ripe for decision.  (Docs. 14, 17, 19).  Defendant's motions are granted and plaintiff's motion is denied for the reasons herein.

**I.    Facts and Procedural History**

Plaintiff was hired by defendant on September 26, 2005.  In February 2011, Plaintiff requested time off from work due to a migraine headache.  Plaintiff also requested an "accommodation" from defendant.[1]  Plaintiff was terminated on March 23, 2011.  Plaintiff filed a charge with the EEOC on an unknown date but has not yet received a decision.

On September 16, 2011, plaintiff filed a petition in the District Court of Sedgwick County, Kansas.  Defendant removed the action to this court.  Judge Crow granted defendant's motion to dismiss, finding that plaintiff had failed to state a claim for

---

[1] The accommodation appears to be the request to grant plaintiff time off from work.

relief. At that time, plaintiff had not made any allegations of a violation of the ADA. Judge Crow gave plaintiff an opportunity to amend her complaint. Plaintiff did so. On April 6, 2012, Judge Crow dismissed plaintiff's amended complaint without prejudice after finding that she did not correct the pleading deficiencies.

On May 12, 2012, plaintiff filed a complaint in the case currently before the court, which alleged claims of breach of contract, defamation, interference with economically advantageous relationships, and breach of the covenant of good faith and fair dealing. (Doc. 1). Plaintiff also asserted alleged violations of the FMLA and the ADA. Defendant moved to dismiss plaintiff's complaint on August 1, 2012. In response, plaintiff filed an amended complaint. Plaintiff's amended "petition," filed September 24, 2012, only asserts an ADA claim. (Doc. 13).[2] Defendant filed an amended motion to dismiss which addressed plaintiff's amended complaint. (Doc. 15).

**II. Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts

---

[2] On October 26, 2012, plaintiff filed another amended complaint. However, plaintiff failed to seek leave to file. Pursuant to Fed. R. Civ. P. 15(a), a plaintiff may only amend her complaint once as a matter of course. Subsequent amendments must be done with the court's approval. Because plaintiff failed to comply with Rule 15(a), the amended complaint must be stricken from the record.

are viewed in the light most favorable to plaintiff. <u>Archuleta v. Wagner</u>, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. <u>Shero v. City of Grove, Okla.</u>, 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. <u>Beedle v. Wilson</u>, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III. Analysis**

Defendant moves to dismiss plaintiff's ADA claim on the basis that she failed to comply with the statutory requirement of filing a charge with the EEOC. Congress has explicitly provided time limitations within the statute to provide a particular time frame in which personal actions may be brought under the ADA. First, as a prerequisite, the employee must file a charge with the EEOC within the required statutory time period. 42 U.S.C. § 2000e-5(b). Second, the EEOC has exclusive jurisdiction over the claim for the first 180 days after the charge is filed. <u>Id.</u> § 2000e-5(f)(1). Finally, once the EEOC determines not to pursue the charge, the employee has ninety days from receipt of the right to sue letter in which to file suit. <u>Id.</u>

According to plaintiff's own allegations in her amended complaint, plaintiff has not received her right to sue letter. (Doc. 13). Moreover, plaintiff has not provided the court with any information concerning her charge, i.e. the date filed and the contents of the charge, even though plaintiff has been afforded two opportunities to respond to defendant's motions. <u>See</u> Docs. 14, 19. Rather, plaintiff appears to argue that the filing prerequisites are not a bar to her case because defendant did not file a timely motion

to dismiss. This argument has no merit. Defendant filed a motion to dismiss raising this issue within the time allowed under the rules. Fed. R. Civ. P. 12(b).

Plaintiff was terminated on March 23, 2011. Therefore, plaintiff must have filed a charge with the EEOC within 300 days of her termination. See 42 U.S.C. § 2000e-5(e)(1). Plaintiff has the burden of establishing that she has met the jurisdictional prerequisite to suit by showing that her charge was filed within 300 days of her termination. Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1167 (10th Cir. 2007). Plaintiff has not done so. Therefore, defendant's motion to dismiss plaintiff's amended complaint is granted. (Doc. 15).

## IV. Conclusion

Defendant's motion to dismiss is granted, without prejudice. (Doc. 15). The clerk is instructed that plaintiff cannot file a complaint alleging an ADA claim against defendant unless she attaches her timely EEOC charge and right to sue letter to the complaint.

IT IS SO ORDERED.

Dated this   16th   day of November 2012, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-4-