IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
NATALIA MORENO-WOODS,          )
                               )
               Plaintiff,      )    CIVIL ACTION
                               )
v.                             )    No.  12-1195-MLB
                               )
T-MOBILE USA, INC.,             )
                               )
               Defendant.       )
                               )
```

## MEMORANDUM AND ORDER

This case comes before the court on defendant's motion for reconsideration. (Doc. 27). The motion has been fully briefed and is ripe for decision. (Doc. 29).

On November 16, 2012, this court dismissed plaintiff's complaint without prejudice after determining she failed to exhaust her administrative remedies as required by 42 U.S.C. § 2000e-5(b). (Doc. 26). Defendant had sought a dismissal with prejudice but recognizing plaintiff's pro se status and in order to give plaintiff every opportunity to pursue her case, the court instructed the clerk not to file another complaint alleging an ADA claim against defendant unless plaintiff attached her timely EEOC charge and right to sue letter to the complaint.

Defendant now moves for reconsideration and asks the court to dismiss plaintiff's complaint with prejudice on the grounds of newly acquired evidence. (Doc. 27). Defendant has attached plaintiff's EEOC charge which was filed on October 27, 2012. Defendant has also submitted a dismissal notice from the EEOC which states that plaintiff's charge was untimely. Plaintiff responds that defendant

has waived its right to raise a failure to exhaust defense because it did not raise this defense in plaintiff's first case, No. 11-1314. In plaintiff's first action, however, plaintiff did not allege a violation of the ADA. Plaintiff's claims included defamation, interference with economically advantageous relationships, and breach of the covenant of good faith and fair dealing.[1] Moreover, the court has previously determined that defendant's motion was timely and the defense has not been waived. (Doc. 26 at 3-4).

After reviewing the EEOC charge and notice of dismissal, the court finds that plaintiff's ADA claim is barred because she failed to file a charge with the EEOC within 300 days of her termination. See 42 U.S.C. § 2000e-5(e)(1). Plaintiff cannot overcome this hurdle and repeated litigation is burdensome on defendant, as well as the court. Therefore, defendant's motion for reconsideration (Doc. 27) is granted. Plaintiff's complaint is dismissed, with prejudice. Plaintiff's "new" complaint, which was mailed to the clerk on November 26, 2012, will not be filed as it alleges an ADA claim against defendant.

IT IS SO ORDERED.

Dated this __4th__ day of December 2012, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[1] These claims were raised in plaintiff's initial complaint in this case. The claims were absent, however, when plaintiff filed an amended complaint and only listed an ADA claim.

-2-